UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

Nº 09-CV-00321 (JFB)

---

RICHARD WADIPIAN,

Petitioner,

VERSUS

UNITED STATES OF AMERICA,

Respondent.

---

MEMORANDUM AND ORDER
April 15, 2011

---

JOSEPH F. BIANCO, District Judge:

Petitioner Richard Wadipian ("petitioner" or "Wadipian") filed this motion on June 1, 2009, seeking to expunge his arrest record. Petitioner was indicted in June 1993 with conspiracy to possess more than fifteen unauthorized access devices with intent to defraud, in violation of 18 U.S.C. §§ 1029(a)(3), 1029(b)(2), and 1029(c)(1), and possession of fifteen or more unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(3). In July 1993, the government entered into a deferred prosecution agreement with petitioner, pursuant to which petitioner was placed under the supervision of Pretrial Services for a twelve-month period. Following the successful completion of the supervisory period, the indictment against petitioner was dismissed. Petitioner is now seeking to expunge his arrest record because the charges allegedly are hampering his ability to obtain employment. For the reasons set forth below, petitioner's motion to expunge is denied.

I. BACKGROUND

A. Facts

Petitioner has not disputed the facts of his arrest as presented in the government's opposition papers. As explained by the government, on April 29, 1993, petitioner sold a document containing approximately 165 credit card numbers, with corresponding names and expiration dates, to an undercover agent of the United States Secret Service for $2,500.00. (Gov't Opp. at 2.) The next month, petitioner met with a co-defendant to discuss the sale of more credit

card numbers. (*Id.*) During this meeting, the co-defendant gave petitioner a document which contained approximately 100 credit card numbers, with corresponding names and expiration dates. (*Id.*)

On June 10, 1993, Wadipian was indicted on one count of conspiracy to possess more than fifteen unauthorized access devices with intent to defraud, in violation of 18 U.S.C. §§1029(a)(3), 1029(b)(2), and 1029(c)(1), and two counts of possession of fifteen or more unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(3). (*Id.*) That same day, the Honorable Michael L. Orenstein issued an arrest warrant for petitioner. (*Id.*) On June 15, 1993, the petitioner surrendered pursuant to the arrest warrant and entered a plea of not guilty upon arraignment. (*Id.*)

On July 26, 1993, the government entered into a deferred prosecution agreement with petitioner, pursuant to which petitioner admitted, "I wrongfully obtained credit card numbers from my co-defendant, which I was going to sell." (*Id.* at 3; *see also* Gov't Ex. 1.) Petitioner was then placed under the supervision of Pretrial Services for a twelve-month period. (Gov't Opp. at 3.) Upon petitioner's satisfactory completion of the supervisory period, the government moved to dismiss the indictment on all counts on December 8, 1994, and the Honorable Arthur D. Spatt so ordered the motion. (*Id.*)

On June 1, 2009, petitioner filed this motion to expunge his criminal record. In his motion papers, petitioner contends: "All charges were dismissed because I was not guilty. These dismissed charges are hampering my ability to obtain employment in my profession." (Pet. at 1.)

B. Procedural History

Petitioner filed his motion on June 1, 2009. The government filed their opposition on September 14, 2009. The Court has fully considered the arguments of the parties.

II. DISCUSSION

A. Legal Standards

Although the Attorney General is required by 28 U.S.C § 534(a)[1] to acquire and retain criminal identification records, no federal statute provides for the expungement of an arrest record. "Instead, expungement lies within the equitable discretion of the court, and relief usually is granted only in 'extreme circumstances.'" *United States v. Schnitzer,* 567 F.2d 536, 539 (2d Cir. 1977) (quoting *United States v. Rosen,* 343 F. Supp. 804, 807 (S.D.N.Y. 1972)); *see also Gardner v. United States*, No. 10-MC-0159 (KAM) (JO), 2010 WL 2292222, at *1 (E.D.N.Y. Apr. 26, 2010); *Fernandez v. United States*, Nos. 09-MC-326 (CPS), 98-CR-902, 2009 WL 2227140, at *1 (E.D.N.Y. Jul. 24, 2009). "Retaining and preserving arrest records serves the important function of promoting effective law enforcement . . . [and] Congress has explicitly recognized this need for the acquisition, preservation, and exchange of identification records in 28 U.S.C. § 534(a)." *Schnitzer*, 567 F.2d at 539. In particular, "[t]his regime of maintaining and

---

[1] Section 534(a) provides, in pertinent part: "The Attorney General shall . . . acquire, collect, classify, and preserve identification, criminal identification, crime, and other records . . . [and] exchange such records and information with, and for the official use of, authorized officials of the Federal Government, including the United States Sentencing Commission, the States, including State sentencing commissions, Indian tribes, cities, and penal and other institutions." 28 U.S.C. § 534(a).

2

exchanging criminal identification records serves 'not only the immediate needs of law enforcement for identification and reference in future criminal proceedings, but also punishment and deterrence, as well as public information needs, as appropriate.'" *United States v. Robinson*, No. CR-04-0580 (VVP), 2007 WL 2077732, at *1 (E.D.N.Y. Jul. 18, 2007) (quoting *United States v. Morelli*, No. 91-CR-639 (MHD), 1999 WL 459784, at *1 (S.D.N.Y. June 30, 1999)). However, "[i]t is well established that federal courts may, through the exercise of their inherent powers, order the expunction of arrest records." *In re Farkas,* 783 F. Supp. 102, 103 (E.D.N.Y. 1992). In determining whether to exercise this power, "[t]he government's need to maintain arrest records must be balanced against the harm that the maintenance of arrest records can cause citizens." *Schnitzer*, 567 F.2d at 539; *Gardner*, 2010 WL 2292222, at *1.

As the Second Circuit has recognized, "an arrest record alone can create serious adverse consequences for those who have been arrested in the past, notwithstanding the ultimate disposition of the case." *Schnitzer*, 567 F.2d at 539. Nonetheless, "courts must be cognizant that the power to expunge 'is a narrow one, and should not be routinely used whenever a criminal prosecution ends in an acquittal, but should be reserved for the unusual or extreme case.'" *Id.* at 539-40 (quoting *United States v. Linn,* 513 F.2d 925, 927 (10th Cir. 1975)); *see also In re Farkas,* 783 F. Supp. at 103. Examples of such extreme circumstances that may warrant expungement include: "(1) mass arrests conducted under procedures that rendered judicial determination of probable cause impossible; (2) arrests made with the sole purpose of harassing civil rights workers; (3) police misuse of police records to the detriment of the defendant; and (4) arrests based on a statute later declared unconstitutional." *Gardner*, 2010 WL 2292222, at *1 (internal quotation marks omitted); *accord Schnitzer*, 567 F.2d at 540. Thus, "[c]ourts generally reserve the power of expungement for the extreme circumstances when 'an arrest or conviction is invalidated by government error or misconduct and the defendant's innocence is presumed.'" *United States v. Caminero*, Nos. 02 Cr. 66 (JGK), 02 Cr. 230 (JGK), 2009 WL 2146658, at *1 (S.D.N.Y. Jul. 17, 2009) (quoting *Robinson*, 2007 WL 2077732, at *2). "Since the appropriateness [of expungement] is determined on a 'case-by-case' basis, some courts have even granted expungement where an arrest or conviction was valid and no misconduct was involved so long as sufficient 'extraordinary circumstances' existed." *Fernandez,* 2009 WL 2227140, at *1 (citing *United States v. Doe*, 935 F. Supp. 478, 481 (S.D.N.Y. 1996)).

It is undisputed that adverse employment decisions are one of the consequences of an arrest record. However, where a record is accurate, regardless of the disposition of the case, courts, in exercising their discretion, have generally rejected adverse employment effects as grounds for expungement. *See Fernandez,* 2009 WL 2227140, at *2 (collecting cases). Furthermore, courts have generally concluded that "the consequences attendant to possessing a criminal record, such as loss of financial or employment opportunities, do 'not fall within the narrow bounds [ . . . ] where expungement has been declared appropriate.'" *Robinson*, 2007 WL 2077732, at *2 (quoting *Schnitzer*, 567 F.2d at 540) (alterations in original). "The possibility that an employee 'may be asked to explain the circumstances surrounding his arrest' fails to constitute a harsh, unique, or extreme circumstance, and thus is not sufficient to warrant expunction of [a petitioner's] record." *United States v. Feret*, No. 05-mj-00075 (KAM), 2007 WL

3

2262867, at *2 (E.D.N.Y. Aug. 3, 2007) (quoting *Schnitzer*, 567 F.2d at 540).

### B. Application

Petitioner states that the dismissed charges are hampering his ability to obtain employment in his profession. He has not, however, cited to any extreme or harsh circumstances beyond the mere existence of his arrest record that would warrant expungement in this case. Courts faced with similar circumstances have routinely denied motions for expungement. *See Gardner*, 2010 WL 2292222, at *1 (denying expungement where petitioner claimed that dismissed charge would impede ability to obtain security license and would limit his employment opportunities); *Fernandez*, 2009 WL 2227140, at *2 (denying expungement of arrest record where petitioner stated that she was unable to acquire employment but did not cite any specific examples that would support a finding that her situation was especially harsh or extreme); *Sandy v. United States*, No. 08 MC 306 (RML), 2008 WL 4865993, at *2 (E.D.N.Y. Nov. 7, 2008) (petitioner's concerns that his record would interfere with his career plans in the education field and would thwart his efforts to become a United States citizen were not sufficiently exceptional to justify expungement); *Feret,* 2007 WL 2262867, at *2 (denying expungement where petitioner claimed only that his record created a potential adverse effect on his employment prospects). Thus, without any indication that petitioner's circumstances are extreme or harsh, the Court concludes that, in this case, any harm the petitioner might have suffered does not outweigh the government's interest in preserving arrest records. Petitioner does not dispute the legality of his arrest or the statutes under which he was arrested. He also does not claim that his arrest was improper and not supported by probable cause, that the purpose of arrest was to harass him, or that the police misused his records to his detriment. Moreover, although petitioner now states that he was "not guilty," he admitted his wrongdoing in the deferred prosecution agreement that he signed with the government. (*See* Gov't Ex. 1.) Indeed, the government does not concede petitioner's innocence and points in its opposition to the fact that the indictment against petitioner was dismissed pursuant the deferred prosecution agreement, which was expressly conditioned not only upon petitioner's completion of a supervisory period but also upon petitioner's admission of guilt. (Gov't Opp. at 8-9.) Having carefully considered petitioner's motion, the Court concludes in its discretion that, given the circumstances of the instance case, any adverse employment consequences from petitioner's arrest record do not warrant expungement. Moreover, petitioner has failed to indicate any other sufficient grounds for expungement. Accordingly, petitioner's motion to expunge is denied.

### IV. CONCLUSION

For the foregoing reasons, the motion to expunge petitioner's criminal record is denied. The Clerk of the Court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Date: April 15, 2011
Central Islip, NY

* * *

Petitioner is proceeding *pro se*. The United States is represented by Loretta E. Lynch, U.S. Attorney, Eastern District of New York, 610 Federal Plaza, Central Islip, New

York 11722 by Charles N. Rose, Assistant U.S. Attorney.